**Administrative Office of the United States Courts – Procedure for Designating and Notifying High-Volume Paper Notice Recipients Pursuant to Fed. R. Bankr. P. 9036(b)(2)(B) – Revised as of January 26, 2022**

1) Effective December 1, 2021, the Director of the Administrative Office of the United States Courts ("AO") has designated any entity that has been sent 100 or more paper bankruptcy notices by the Bankruptcy Noticing Center (BNC) in a single calendar month as a high-volume paper notice recipient pursuant to Fed. R. Bankr. P. 9036(b)(2)(B) (as amended effective December 1, 2021) (the "Rule"). The threshold number of paper notices that will cause a notice recipient to be designated as a high-volume paper notice recipient pursuant to the Rule will be reviewed annually and may be adjusted once a year effective on December 1st of each year.

2) The BNC will monitor name and address combinations other than preferred name and address combinations given to the bankruptcy courts pursuant to 11 U.S.C. § 342(e) and (f). Once the threshold paper notice amount is reached, the BNC will notify the notice recipient that it must register for Electronic Bankruptcy Noticing (EBN) or that, if the recipient does not timely register for EBN, the BNC will establish an electronic address where the Director designates the recipient to receive its notices pursuant to the Rule. The BNC will maintain the electronic addresses for any recipients that hit the threshold and fail to timely establish EBN accounts on their own. The following procedure for high-volume paper notice recipient determination and notification will apply:

   a) To determine whether name/address combinations should be considered the same name/address for purposes of the Rule, the BNC will use a similar name/address matching process to the one that the BNC uses for determining whether name/address combinations received from the courts for notices should be placed in a single mail piece.

   b) Once the BNC has sent a notice recipient the threshold number of notices at the same name/address, the BNC will check to see if that notice recipient has had any returned mail to the BNC for that name/address in the same calendar month as the month that it met the threshold for mandatory EBN or in the previous calendar month. If it has, the BNC will take no action regarding that notice recipient related to that name/address. That notice recipient's number of mailed notices will resume being tracked the next calendar month to determine if it meets the threshold as it normally would and start the process over.

   If a notice recipient that has met the threshold does not have any returned mail for that name/address in the same calendar month as the month it met the threshold for mandatory EBN or the previous calendar month, the BNC will mail a notice to that recipient informing it that:

   i) The recipient has met the threshold for mandatory EBN pursuant to Rule 9036(b)(2)(B);

AO Procedure for Designating and Notifying High-Volume Paper Notice Recipients

      ii)  The recipient must register for EBN for its mailed notices to the name/address that met the threshold within 45 days of the date of the notice, with an actual date included in the notice;

     iii)  The recipient must be ready to accept EBN noticing for its paper notices to the name/address that met the threshold within 135 days of the date of the notice, with an actual date included in the notice, and that there will be a 30-day redundant period where the recipient will receive both paper and electronic notices, after which EBN will be the recipient's sole means of receiving notices from the BNC;[1]

     iv)  If the recipient does not timely enroll in EBN for its mailed notices, the BNC will establish an electronic address, designated by the Director of the AO pursuant to the Rule, and that the recipient's notices for the name/address that met the threshold will be sent to that electronic address as the recipient's sole means of receiving notices from the BNC; and

     v)  Further information will follow on how to access the notices at the electronic address if the recipient does not timely enroll in EBN.

The AO's Court Services Office, Programs Division will determine the final language for the notice.  If the notice is returned to the BNC by the United States Postal Service (USPS) as not delivered, the BNC will discontinue the mandatory EBN process, deactivate any electronic notice account for that notice recipient, continue sending paper notices to that recipient, and begin the process described in paragraph 2(a), et seq., over starting with the next calendar month.

   c)  If the recipient does not register for EBN for the name/address that met the threshold within the 45-day time period set forth in paragraph 2(b)(ii), the BNC will generate a second notice to that recipient informing it that:

     i)  Beginning 90 days from the date of the second notice, paper noticing for the name/address that met the threshold will be replaced by an electronic address, designated by the Director pursuant to the Rule, where the recipient can retrieve its notices;

     ii)  The recipient may access the notices at the electronic address according to the instructions in the notice;

     iii)  The recipient must check the electronic address every day for new notices;

     iv)  The recipient may still register for EBN at any time.  The BNC will include instructions for doing so in the notice; and

     v)  Upon request by the AO, an order may be issued by a U.S. Bankruptcy Judge with jurisdiction over the entity directing the entity to explain why the entity has not yet enrolled in EBN, and to further explain why their future notices should not be delivered exclusively to a BNC-created electronic account.

---

[1] A one-time 45-day extension of the 135-day deadline may be granted in the sole discretion of the AO's Court Services Office, Programs Division.  This does not need to be included in the notice sent to the notice recipient.

AO Procedure for Designating and Notifying High-Volume Paper Notice Recipients

The AO's Court Services Office, Programs Division, will determine the final language for the notice.  If the notice is returned to the BNC by the USPS as not delivered, the BNC will discontinue the mandatory EBN process, deactivate any electronic notice account for that notice recipient, continue sending paper notices to that recipient, and begin the process described in paragraph 2(a), et seq., over starting with the next calendar month.

    d)  The BNC will establish and maintain any electronic addresses for notice recipients that meet the Rule's threshold but do not timely enroll in EBN.

    e)  Notices sent to an electronic address maintained by the BNC pursuant to Section 2(d) will be noted on the Certificates of Notice that the BNC returns to the courts at the end of each BNC notice production cycle.

The order set forth in paragraph (2)(c)(v) may be issued if the entity has not enrolled in EBN after 14 days from the date of the second notice regarding mandatory EBN.  Any orders will be issued from a court where the entity has received at least one case notice during the month that caused the recipient to exceed the threshold.  The BNC will provide a certified and true report of the noticing count by recipient delineated by district to the AO for the month that caused the recipient to exceed the threshold.  The AO may contact a U.S. Bankruptcy Judge that has jurisdiction over a case involving the entity and allow the judge to determine the appropriate course of action.

    f)  The AO will forward a model order to the selected judge providing background information regarding the amended Rule 9036 implementation and requiring the entity to explain why their future notices should not be delivered exclusively to the BNC-created electronic account.  The model order will provide the entity an opportunity to avoid any further proceedings, including a potential status conference or hearing, by enrolling in EBN, or by acknowledging and accepting future notices at the BNC-created electronic account.

    g)  The AO will notify the judge that any proceeding related to an order issued pursuant to paragraph (2)(c)(v) should be concluded no later than 60 days from the date of the second notice, and that beginning 90 days from the date of the second notice, paper noticing for the entity meeting the threshold will be replaced by a BNC-created electronic account where the entity can retrieve its notices.

    h)  A judge issuing an order pursuant to paragraph (2)(c)(v) will transmit to the AO the outcome of any related proceeding within two business days. Notification to the AO shall be accomplished by:
        i)  Sending an email to the Court Services Office, Programs Division at BNC_MEBN@ao.uscourts.gov; and
        ii)  Including in the message:
            (1) High-volume paper noticing recipient name;
            (2) Recipient's mailing address;
            (3) Case or proceeding number;
            (4) PDF of any associated order(s); and
            (5) If available, include the trading partner (TP) number.

AO Procedure for Designating and Notifying High-Volume Paper Notice Recipients

3) These procedures will be maintained by the AO's Court Services Office, Programs Division. These procedures are subject to continuing review. They will be updated and revised as necessary.